DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Huron County Court of Common Pleas, Probate Division, which removed appellant, Joan Shreve, as guardian of her sister, Ramona Timman. For the reasons that follow, we affirm the decision of the trial court.
Timman was found to be incompetent by reason of mental functional capacity, to wit, paranoid schizophrenia. On October 30, 2001, appellant was appointed as "limited guardian" of Timman until December 4, 2001. As such, the trial court ordered, in its October 30, 2001 judgment entry, that the guardianship appointment was scheduled for review on December 4, 2001.
On December 4, 2001, the matter of the guardianship came for hearing. Due to an apparent malfunction in the recording equipment, no transcript of the proceeding has been filed with this court. Following the hearing on December 4, 2001, the trial court found that "the best interest of the ward would be to appoint a qualified disinterested party." The trial court then ordered that appellant be removed as guardian and appointed Diane Corso of the Volunteer Guardianship Program to be Timman's guardian. It is from this judgment that appellant appeals and raises the following assignments of error:
 "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO CONTINUE THE APPOINTMENT OF APPELLANT AS GUARDIAN OF HER SISTER.
 "II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO FOLLOW R.C. 2109.24 IN REMOVING APPELLANT."
Appellant asserts in her first assignment of error that the trial court had already found her to be a suitable and competent person when it appointed her guardian on October 30, 2001. As such, appellant argues that it was error for the trial court to remove her as guardian for no other reason than finding that the best interest of Timman would be served by appointing "a qualified disinterested party."
Insofar as no transcript of the trial court's hearing was provided, there is nothing for us to review to determine whether the trial court abused its discretion in removing appellant as guardian. Because appellant bears the burden of showing error by reference to matters in the record, "[t]he duty to provide a transcript for appellate review falls upon the appellant." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. When a verbatim transcript is not available, App.R. 9(C) or 9(D) may be utilized. App.R. 9(B).
Appellant did not provide a statement of the evidence or an agreed statement of the record for our review. See App.R. 9(C) and 9(D). Accordingly, we have "nothing to pass upon and thus, * * * [have] no choice but to presume the validity of the lower court's proceedings * * *."Knapp at 199. Appellant's first assignment of error is therefore found not well-taken.
Appellant argues in her second assignment of error that the trial court erred in removing her as guardian without first giving her ten day's notice, pursuant to R.C. 2109.24. We disagree.
Appellant's guardianship was limited from the start to expire on December 4, 2001. Appellant was notified of this expiration on October 30, 2001, when she was appointed as guardian. As such, we find that it was not necessary to provide appellant any additional notice, ten days prior to the December 4, 2001 hearing, that her status as guardian would be revoked. Accordingly, appellant's second assignment of error is found not well-taken.
On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Huron County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.